IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

DECARLOS MOODY,

Plaintiff,

vs.

STATE FARM AUTOMOBILE INSURANCE CO.,

Defendant,

2:23-CV-01182-MJH

OPINION

Plaintiff, Decarlos Moody, brings the within action against Defendant, State Farm Automobile Insurance Co., for Breach of Contract (Count I) and Bad Faith under Pa.C.S. § 8371 (Count II) arising from a claim for underinsured motorist (UIM) benefits. (ECF No. 1-1).

State Farm has filed a Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of Count II. (ECF No. 4). The matter is now ripe for consideration.

Upon consideration of Mr. Moody's Complaint (ECF No. 1-1), State Farm's Motion to Dismiss (ECF No. 4), the respective responses and briefs of the parties (ECF Nos. 5, 9, 10, and 11), and for the following reasons, State Farm's Motion to Dismiss will be granted. Leave to amend will not be granted as any amendment will be futile, and Count II of Mr. Moody's Complaint will be dismissed.

I. Background

Mr. Moody alleges that, on September 19, 2022, his vehicle was sideswiped by another motorist; and, as a result of the collision, he sustained injuries. (ECF No. 1-1 at ¶¶ 8-10, 11, and 14). Mr. Moody further avers that he maintains automobile insurance policy with State Farm that provides for UIM coverage (the "Policy"). *Id*. at ¶ 7. On December 8, 2022, Mr. Moody's

counsel requested that State Farm open a UIM claim. *Id*. at ¶ 20. On December 27, 2022, Mr. Moody's counsel advised State Farm that the tortfeasor motorist had third-party limits of $25,000.00. *Id*. at ¶ 23. On that same date, State Farm acknowledged receipt of the tortfeasor's liability coverage limits and conveyed to Mr. Moody's counsel that, pursuant to the Policy, it could only provide a consent to settle with the tortfeasor's carrier once it had written proof of an offer from said carrier. *Id*. at ¶ 23.

On March 23, 2023, Mr. Moody's counsel allegedly provided State Farm a demand letter with medical records, a police report, and other documentation. (ECF No. 1-1 at ¶ 24). Mr. Moody allegedly requested from State Farm consent to settle with the tortfeasor on March 27 and April 5, 2023. *Id*. at ¶¶ 25-26. On April 5, 2023, State Farm consented to Mr. Moody's tortfeasor settlement for $25,000.00. *Id*. at ¶ 27. On April 28, 2023, State Farm offered $25,000.00 for full and final resolution of Mr. Moody's UIM claim. *Id*. at ¶ 28. Mr. Moody rejected the offer in light of his alleged surgical complications and demanded the full UIM policy limits of $100,000. *Id*. at ¶ 29. State Farm subsequently agreed to re-review the records and respond, and upon its re-review, conveyed to Mr. Moody's counsel that the medical records reflected no evidence of surgical complications. *Id*. at ¶¶ 29-30. Mr. Moody's counsel and State Farm then engaged in a series of demands and offers. *Id*. On May 8, 2023, State Farm increased its offer to $32,000, which was rejected by Mr. Moody, and in response, State Farm requested that Mr. Moody submit to an examination under oath. *Id*. at ¶ 34. On May 15, 2023, Mr. Moody filed the within lawsuit averring claims for breach of contract (Count I) and statutory bad faith under 42 Pa.C.S. § 8371 (Count II). State Farm now moves to dismiss Count II.

II. Relevant Standard

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light

most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.' " *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 175).

III. Discussion

State Farm argues that Mr. Moody's bad faith claim should be dismissed because he has failed to allege a plausible claim under 42 Pa.C.S. § 8371. Specifically, State Farm contends that Mr. Moody's claim is only premised on a disagreement over his UIM claim value. In response, Mr. Moody argues that the Court should not dismiss the statutory bad faith claim where he has alleged State Farm's unreasonable conduct and unfounded offers. State Farm counters that Mr.

Moody's arguments on delay and valuation are disingenuous given the timeline of events and Mr. Moody's own conduct.

The bad faith statute in Pennsylvania provides as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date of the claim was made by the insured in an amount equal to the prime rate of the interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S.A. §8371. "[I]n order to recover in a bad faith action, the plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005); *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017).

An insurer's "failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith." *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 137 (3d Cir. 2012). "Pennsylvania courts have recognized an insurer's right to investigate and evaluate UIM claims." *Higman v. State Farm Mut. Auto. Ins. Companies*, No. 2:18-CV-00662, 2018 WL 5255221, at *4 (W.D. Pa. Oct. 22, 2018). "Delay is a relevant factor in determining whether bad faith has occurred, but a long period of time between demand and settlement does not, on its own, necessarily constitute bad faith ... **[I]f delay is attributable to the need to investigate further or even to simple negligence, no bad faith has occurred.**" Rowe v. Nationwide Ins. Co., 6 F. Supp. 3d 621, 634 (W.D. Pa. 2014) (quoting *Kosierowski v. Allstate*

*Ins. Co.,* 51 F.Supp.2d 583, 588–89 (E.D. Pa. 1999) *aff'd*, 234 F.3d 1265 (3d Cir. 2000)) (emphasis added).

Here, Mr. Moody's allegations do not amount to bad faith. As regards delay, Mr. Moody filed suit a mere five months and one week from the date of his request to open a UIM claim. This was also a mere eight months since his accident. Courts have consistently held that such a delay, even if attributable to the insurer, is insufficient alone to constitute bad faith. *See e.g., Williams v. State Farm*, No. 21-58, 2021 WL 2661615 at * 6 (E.D. Pa. June 29, 2021) ("Assuming arguendo that the entirety of this delay was attributable to State Farm, a period of nine or ten months, without more, is insufficient to establish bad faith."); *McConnell v. Nationwide Mut. Ins. Co.*, No. 21-4523, 2022 WL 970671 at * 2 (E.D. Pa. Mar. 31, 2022) ("At most, Nationwide waited approximately ten months after receiving McConnell's claim for underinsured motorist benefits to make an offer of settlement. This length of time, in itself, is insufficient to show bad faith."). Furthermore, in this case, allegations of delay cannot be solely attributed to State Farm. The Policy provides in relevant part as follows:

> Consent to Settlement – Coverages W and W3
>
> The insured must inform us of a settlement offer for the full amount of all available limits proposed by or on behalf of the owner or driver of the underinsured motor vehicle, and the insured must request our written consent to accept such settlement offer.
>
> If we:
>
> 1. consent in writing, then the insured may accept such settlement offer.
>
> 2. inform the insured in writing that we do not consent, then the insured may not accept, such settlement offer and:
>
> a. we will make payment to the insured in an

> amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the underinsured motor vehicle; and
>
> b. any recovery from or on behalf of the owner or driver of the underinsured motor vehicle shall first be used to repay us.

(ECF No. 4-2 at p. 41). Mr. Moody's own allegations demonstrate that he did not pursue and obtain consent to settle under the Policy until mere weeks before filing suit. State Farm cannot be in bad faith under these circumstances.

As regard settlement offers, again the case law is clear that an alleged "low ball" offer or an offer that falls below an insured's UIM policy limits is alone not sufficient to constitute bad faith. Further, State Farm had a right and obligation to continue its investigation, and the allegations reflect that it was open to negotiation, was actively negotiating with Mr. Moody's counsel, and had initiated further investigations by requesting an examination under oath. Instead of permitting State Farm this opportunity, Mr. Moody filed suit. Under the "Insured's Duties" under the Policy, Mr. Moody is obligated to submit to questioning under oath. (ECF No. 4-2 at p. 54). Given the totality of these circumstances regarding allegations of timing, adequate investigation, and settlements offers, the Complaint does not support that State Farm engaged in any bad faith conduct with regard to Mr. Moody's UIM claim. Therefore, State Farm's arguments are well-taken and dismissal of Count II is warranted.

Accordingly, State Farm's Partial Motion to Dismiss will be Granted, and Count II will be dismissed. Because the allegations provide the Court with a clear picture of pre-suit conduct of State Farm and Mr. Moody, any amendment will be deemed futile.

A separate order will follow.

DATED this 4th day of August, 2023.

BY THE COURT:

MARILYN J. HORAN
United States District Judge